**David Earl BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–10–00431–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 2012.

Opinion on Motion for Rehearing Nov. 15, 2012.

Discretionary Review Granted March 6, 2013.

Kenneth E. McCoy, Attorney at Law, Houston, TX, for Appellant.

David C. Newell, Assistant District Attorney, Houston, TX, for State.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

JIM SHARP, Justice.

A jury convicted appellant David Earl Brown of murder and found that he used a deadly weapon. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). The jury assessed punishment at ten years' imprisonment. Brown was present at trial for the presentation of evidence on guilt-innocence, but because he suffered a gunshot wound to the head before the defense rested its case, he was not present for closing arguments or any of the punishment proceedings.

As Brown told investigating officers at the scene that he shot Whitt Bruney, the principal issue at trial was not whether he fired the shot, but whether he did so in self-defense. After he suffered his own gunshot wound during the trial, however, the issue became Brown's absence from trial and his competence.

Brown brings four issues, contending that the trial court erred in denying a continuance based on his absence from trial and not conducting a competency hearing, and that the evidence was legally and factually insufficient to support his conviction. We reverse and remand.

## Background

During the guilt-innocence phase of trial Brown maintained he did not shoot Bruney with the intent to murder him. There was evidence of a long-standing animosity between Brown and Bruney, and Brown's own testimony that he went next door to speak to Bruney about throwing what Brown thought was dog feces in his yard, that Bruney cursed him, and that when he saw Bruney pull a shiny object from his pocket that Brown believed to be a gun, Brown fired in self-defense, hitting Bruney's cell phone. Other evidence, however, included testimony from a neighbor who heard Brown tell Bruney, "Don't fuck with me," after shooting him and testimony from three individuals who knew Bruney and stated that he was a peaceful man.

On March 9, 2010, after the State rested its case, the State put on rebuttal evidence, but before the defense rested its case, the trial court dismissed the jury for the day. Brown informed the court that he would have additional defense witnesses ready to testify the following morning, and the trial court instructed him that he would have to rest his case if he did not. The next day, the trial court dismissed the jury for the day and met with the lawyers to discuss the news that Brown "attempted suicide this morning at approximately 5:00, 5:30 a.m." and "we don't know what his prognosis is." The trial court stated to the lawyers, "[M]y understanding of the law is that the Defendant has voluntarily absented himself or excused himself, thereby waiving his Sixth Amendment Right, so, as far as I know, the case law is clear that we will be proceeding." The court then recessed the trial for the day.

On March 11, Brown's attorney filed a sworn motion for continuance on the grounds that Brown either was not volun-

tarily absent from trial or was incompetent to stand trial. *See* TEX.CODE CRIM. PROC. ANN. art. 33.03 (West 2006) (presence of defendant), art. 46B.004(a) (West Supp. 2011) (raising incompetency). The motion recited the following: there was no witness to the shooting; that Brown had received death threats "up to and including the day before he sustained the gunshot wound"; that the trauma surgeon told Brown's lawyer he could not conclude the gunshot was self-inflicted; and that the weapon found at the scene was not recognized as being owned by Brown. The defense also requested a competency hearing.

After reviewing the motion, the trial court heard testimony outside the presence of the jury. Houston Police Officer J.W. Weller testified that he was sent to Brown's house, where he spoke with witnesses. Jonathan Overman told Weller that he found Brown at approximately 4:45 a.m. lying in the grass with a pistol nearby. Officer Weller also spoke with Gene Eignus, Brown's longtime life partner, who said that he had last seen Brown about 11:00 p.m. the night before and that Brown was acting despondent. Although Weller never saw Brown and admitted he had no personal knowledge of how the gunshot occurred, he nonetheless speculated that the wound was self-inflicted.

Officer Weller went to the hospital and spoke with Brown's doctor, who said the bullet "entered through his mouth, went up either [sic] severed his eye, went through his eye and lodged inside his brain." The doctor could not say whether the wound was self-inflicted. Finally, Officer Weller testified that Brown had not yet been tested for gunshot residue and no fingerprints were "lifted from the weapon."

The trial court next heard sworn telephonic testimony from Brown's treating psychiatrist, Dr. Root, who testified that, based on the description of Brown's injuries, it was unlikely that Brown could provide information to assist in the remainder of the trial. Root also stated that if Brown's wound was self-inflicted, that would be a suggestion of mental illness. On cross-examination, the State asked if he has seen Brown since "the alleged attempted suicide," and Root responded that he had not.

Based on the testimony, Brown's attorney argued there was evidence of incompetency under articles 46B.004(d) and 46B.005(a) that warranted granting a continuance for a competency examination. *See* TEX.CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a) (West 2006 & Supp. 2011). The trial court denied the request, finding "that the Defendant was—the Defendant is voluntarily absent. And the Court is also finding that he was competent—he was allowed to testify."

The defense then rested and the jury heard closing arguments on punishment after being told the following: "Mr. Brown is very ill, temporarily in the hospital. Therefore, he is unable to attend Court today. I am instructing you, each of you that you cannot consider his absence for any purpose whatsoever in your deliberations." The jury found Brown guilty.

During the punishment phase of trial, Eignus testified that Brown shot himself and was in critical condition and on life support at Ben Taub Hospital. Eignus also said that he was in discussions with the doctors to have Brown transferred to a hospice. After hearing all the evidence offered during the punishment phase, the jury assessed punishment at ten years' imprisonment.

The judgment was signed on March 15, 2010. At the end of an April 15, 2010 hearing, the trial court imposed sentence

in open court with Brown present.[1] During the hearing, the trial court informed Brown's counsel that "regarding the Defendant's competency at this time, I'm not going to entertain any type of motion for hearing on it." Counsel nevertheless again raised competency, stating, "[T]he reason is that we think that since he's unable to understand the nature of the proceedings against him and unable—capable to consult with me and his other lawyers in helping with—in the process, then it's a due process violation under the 5th and 14th amendments of the United States Constitution, also in violation of the Texas Code of Criminal Procedure." The State argued that because Brown was present only for sentencing, "due process is over. . . . There's nothing to complain to." The trial court denied Brown's request and sentenced him. Nothing in that record indicates anyone attempted to communicate with Brown or that he had a rational as well as factual understanding of the proceedings.

### Discussion

*Competency hearing*

■ In his first and second issues, Brown argues that the trial court erred in denying a continuance and finding that he voluntarily absented himself from trial (issue one) and that he was competent (issue two). We review a finding that a defendant was voluntarily absent under an abuse-of-discretion standard. *Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim.App. 1984). Competency determinations are governed by the provisions of Code of Criminal Procedure chapter 46B. TEX.CODE CRIM. PROC. ANN. arts. 4B.001–.171 (West

2006 & Supp. 2011). Article 46B.004(c) states, "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." TEX.CODE CRIM. PROC. ANN. art. 46B.004(c) (West 2006).

■ The Court of Criminal Appeals has held the quantum of evidence necessary to trigger the statutorily required competency hearing to be whether there is sufficient evidence to raise a bona fide doubt in the trial court's mind about the defendant's competency to stand trial. *Montoya v. State*, 291 S.W.3d 420, 424–25 (Tex.Crim. App.2009). If so, the trial court shall conduct an informal hearing. *Id.* at 425. Here, the trial court conducted an informal hearing, but found no evidence sufficient to raise a doubt whether Brown was competent. We review this finding under an abuse-of-discretion standard. *Id.* at 426.

When the trial court denied the continuance, there was evidence that Brown's wound was self-inflicted. There was also expert testimony from Brown's psychiatrist, Dr. Root, that (1) if the wound were self-inflicted, there would be a suggestion of mental illness and (2) the extent of Brown's injuries made it unlikely that he could provide information to assist in the remainder of the trial.

The State argues, based on an older line of cases and statutes, that a defendant who chooses to commit suicide is absent because of his own voluntary conduct. *See, e.g., Maines v. State*, 170 S.W.3d 149, 150 (Tex.App.-Eastland 2005, no pet.).[2] The

---

1. *See* TEX.CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2011) (requiring sentence to be pronounced in defendant's presence). The notice of appeal bears two dates, March 15 and May 12, 2010. *See* TEX.R.APP. P.

26.2(a)(1) (notice of appeal must be filed within 30 days after sentence is imposed in open court).

2. *Maines* relies on the former competency provisions of Code of Criminal Procedure ar-

only case cited by the State that applies current law is an unpublished case in which defense counsel did not object to continuing with the punishment phase of trial after the defendant attempted suicide by swallowing pills. *Grizzard v. State*, No. 01–06–00930–CR, slip op. at 6–7, 2008 WL 2611865 (Tex.App.-Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication). There was also evidence in *Grizzard* that the defendant was nonetheless not incompetent under the definition set forth in article 46B.003(a):

> A person is incompetent to stand trial if the person does not have:
>
> (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or
>
> (2) a rational as well as factual understanding of the proceedings against the person.

TEX.CODE CRIM. PROC. ANN. art. 46B.003(a) (West 2006).

■ In the present case, there is no evidence that Brown had either (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. As he was in the intensive care unit of a hospital, all the evidence from the informal hearing supported a finding that Brown did not have sufficient present ability to consult with his lawyer as a result of the gunshot wound. At that point, the trial court was required to stay all proceedings in the case pending a competency examination and incompetency trial. *See* TEX.CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a), (b) (West 2006 & Supp. 2011). Accordingly, we hold the trial court erred in denying the motion for continuance to conduct a formal competency examination, and we sustain issue two.[3] In light of this disposition, Brown's two remand issues are moot: issue one, in which Brown contends the trial court erred in finding that he voluntarily absented himself from trial, and issue four, in which he claims the evidence is factually insufficient.

*Legal sufficiency*

■ In his third issue, Brown contends that the evidence is legally insufficient to support his conviction because no rational juror could have found that Brown shot Bruney with the intent to murder him. We apply the *Jackson v. Virginia* sufficiency standard of review to complaints styled as legal or factual sufficiency challenges concerning the elements of a criminal offense. *Jackson*, 443 U.S. 307, 3319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex.App.-Houston [1st Dist.] 2010, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 898–913 (Tex.Crim.App.2010)). Un-

ticle 46.02, which was repealed in 2003. Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 57, 72 (repealing former TEX.CODE.CRIM. PROC. art. 46.02).

**3.** The docket sheet reflects the trial court's continuing concern about Brown's competency:

> 5/12/10—Atty. Alford dropped off a notice of appeal and "Trial Court's Certification of Defendant's Right of Appeal.["] The Court observed that the Defendant is in TDCJID [Texas Department of Criminal Justice—Institutional Division]. Due to the fact that the Def. shot himself in the head during the trial and is questionably competent, the Court believes that on behalf of the Defendant, and in the interest of justice, Mr. Brown's case should be appealed. It should be the appellate Court's decision to determine whether error of any sort has been committed.
> /s/ VVelasquez 5/26/2010
> Appellate attorney Ken McCoy has been appointed.

We stress that the docket entry is not evidence and does not affect our holding.

der the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact-finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim.App.2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex.Crim.App.2007). If the evidence is legally insufficient, then the "only proper verdict" is acquittal. *Tibbs v. Florida,* 457 U.S. 31, 41–42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982).

 Our role is that of a due-process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). It is the function of the trier of fact to resolve any conflict of fact, to weigh any evidence, and to evaluate the credibility of any witnesses. *See Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999). We therefore resolve any inconsistencies in the evidence in favor of the verdict, and we "defer to the jury's credibility and weight determinations." *See Marshall v. State,* 210 S.W.3d 618, 625 (Tex.Crim.App.2006).

██ Under the *Jackson* standard, any conflicts or inconsistencies in the witness's testimony, including any conflicts regarding the weight of the evidence, are exclusively within the jury's province to resolve. *See Dewberry,* 4 S.W.3d at 740; *Marshall,* 210 S.W.3d at 625 (requiring appellate courts to resolve any inconsistencies in evidence in favor of verdict and "defer to the jury's credibility and weight determinations"). Viewing the previously de-

scribed evidence in the light most favorable to the verdict, we conclude that a rational fact-finder could have found, beyond a reasonable doubt, that Brown committed the offense of murder, as opposed to shooting Bruney in self-defense. Therefore, we hold that the evidence is legally sufficient to support appellant's conviction and overrule issue three.

*Disposition*

Before oral argument,[4] the State filed a supplemental brief discussing *Casey v. State,* 924 S.W.2d 946 (Tex.Crim.App. 1996). The State in essence conceded the competency issue: "In light of *Casey,* however, it does appear that as an initial matter this Court may need to consider the validity of the execution and enforcement of Appellant's sentence and whether an abatement is appropriate for a competency evaluation regardless of Appellant's voluntary absence from trial."

In *Casey* the Court of Criminal Appeals concluded that the trial court erred by not giving the defendant a competency hearing before sentencing. *Id.* at 949. The *Casey* Court's disposition was (1) to vacate the judgment of the court of appeals and (2) to remand the case to the court of appeals with instructions (a) to abate the appeal and (b) to remand the case to the trial court for a determination of the defendant's competency at the time of sentencing. *Id.* at 949.

We do not agree that the disposition in *Casey* is applicable here for two reasons. First, only defendant's competency at sentencing was at issue in *Casey. Id.* at 947. Here, the defense had not rested when Brown was found shot and the question of his competency raised. Second, the competency statute in *Casey,* former Code of

---

4. Although both Brown and the State waived oral argument, this Court directed them to appear and argue. *See* Tᴇx.R.Aᴘᴘ. P. 39.7.

Criminal Procedure article 46.02 [5] has been replaced by current chapter 46B. TEX. CODE CRIM. PROC. ANN. arts. 46B.001–.171 (West 2006 & Supp. 2011). Current article 46B.004 requires that the court "shall stay all other proceedings in the case" pending a competency examination and incompetency trial if the court determines there is evidence to sustain a finding that the defendant may be incompetent, a provision not present in former article 46.02. *See* TEX.CODE CRIM. PROC. ANN. art. 46B.004(c), (d) (West Supp. 2011).[6]

## Conclusion

Because the issue of Brown's incompetence was raised before the jury determined his guilt and the trial court erred in finding him competent, we reverse the trial court's judgment and remand the case for a new trial. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(a) (West Supp. 2011).

## OPINION ON MOTION FOR REHEARING

The State has moved for rehearing contending that we have not (1) addressed every issue raised and necessary to the final disposition of this appeal and (2) performed a harm analysis. We requested a response, but none was filed. *See* TEX.

R.APP. P. 49.2. We grant the motion for rehearing to address the State's concerns, but we deny the requested relief.

## Voluntarily Absented

The State argues that we erred in reversing the trial court's judgment because in reversing we did not address the issue of whether the trial court erroneously found that Brown had voluntarily absented himself from trial. The State asserts that Brown was not entitled to a competency evaluation because Brown voluntarily absented himself from trial through his failed suicide attempt.

When the trial court denied Brown's motion for continuance to evaluate his competence, there was evidence that Brown's wound was self-inflicted. Thus, the trial court ruled Brown voluntarily absented himself and was not entitled to a stay of proceedings for a competency evaluation.

The State asks us to hold that the trial court did not abuse its discretion in denying Brown's motion for continuance based upon his assertion of incompetency because he allegedly voluntarily brought about his own absence and disability. We hold that Brown did not voluntarily absent himself from trial because under article

---

**5.** Act of May 18, 1977, 65th Leg., R.S., ch. 596; § 1, 1977 Tex. Gen. Laws 1458, 1458, *amended by* Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 148, 1981 Tex. Gen. Laws 761, 820, *amended by* Act of Apr. 21, 1983, 68th Leg., R.S., ch. 54, §§ 1, 2, 1983 Tex. Gen. Laws 278, 278, 280, *amended by* Act of May 26, 1983, 68th Leg., R.S., ch. 772, § 1, 1983 Tex. Gen. Laws 4588, 4588, *amended by* Act of May 22, 1989, 71st Leg., R.S., ch. 393, §§ 1–6, 1989 Tex. Gen. Laws 1520, 1520–24, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 561, §§ 1–7, 1999 Tex. Gen. Laws 3092, 3092–98, *amended by* Act of May 23, 2001, 77th Leg., R.S., ch. 828, §§ 3, 4, 2001 Tex. Gen. Laws 1650, 1652, *repealed by* Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35, § 15,

2003 Tex. Gen. Laws 57, 72 (former TEX.CODE CRIM. PROC. art. 46.02).

**6.** The mandatory stay is subject to the provisions of articles 46B.004(e) and 46B.005(d). TEX.CODE CRIM. PROC. ANN. arts. 46B.004(e), .005(d) (West 2006 & Supp. 2011). Article 46B.005(d) allows the trial court to determine the issue of the defendant's competency at any time before sentence is pronounced when the issue of incompetence is raised after trial on the merits begins. This provision is inapplicable in the present case because the trial court erroneously found that Brown was competent and therefore made no determination when the competency examination and incompetency trial should be conducted.

46B.005 the trial court was required to stay the proceedings and conduct a formal competency examination. *See* TEX.CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a), (b) (West 2006 & Supp.2012).

This Court reviews a trial court's determination that a defendant has voluntarily absented himself from trial under an abuse-of-discretion standard. *See Moore v. State*, 670 S.W.2d 259, 261 (Tex.Crim. App.1984). In urging us to uphold the trial court's ruling, the State relies on Code of Criminal Procedure article 33.03 [1] and an older line of cases and statutes that seem to suggest that a defendant who attempts to commit suicide is absent because of his own voluntary conduct. *See, e.g., Maines v. State*, 170 S.W.3d 149, 150 (Tex.App.-Eastland 2005, no pet.).[2]

The only case cited by the State that applies current law is an unpublished case in which defense counsel did not object to continuing with the punishment phase of trial after the defendant attempted suicide by swallowing pills. *Grizzard v. State*, No. 01-06-00930-CR, 2008 WL 2611865 at *4-5 (Tex.App.-Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication). *Grizzard* is distinguishable from the case at hand.

In *Grizzard*, this Court held that the trial court did not abuse its discretion by determining that the defendant had sufficient present ability to consult with his attorney and a reasonable degree of rational understanding. *Id.* at *6. Here, we hold that the trial court abused its discretion in finding Brown competent to continue with trial. It is important to note that

the evidence presented before the trial court concerning Grizzard's competence was also different from the evidence presented concerning Brown. While Grizzard overdosed on medication, Brown suffered a gunshot wound to the head, resulting in a bullet lodged in his brain. Brown's treating psychiatrist testified that, based on the description of Brown's injuries, it was unlikely that Brown could provide information to assist in the remainder of the trial. We hold the trial court erroneously found Brown competent to stand trial and erred in not holding a competency hearing as required by article 46B.005. TEX.CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a), (b) (West 2006 & Supp.2012).

We also rely on the Supreme Court case of *Drope v. Missouri* in holding that Brown did not voluntarily absent himself from trial. *Drope*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). There the Court stated that a failure to observe adequate procedures to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due-process right to a fair trial. 420 U.S. at 172, 95 S.Ct. at 904. Drope suffered a self-inflicted gunshot wound to the abdomen. 420 U.S. at 167, 95 S.Ct. at 901. Drope's lawyer moved for a mistrial due to his client's absence, but the trial court denied the motion on the basis that Drope's absence was voluntary. 420 U.S. at 167, 95 S.Ct. at 901-02. The Supreme Court held that Drope's absence "was due to an act which suggests a rather substantial degree of mental instability contemporaneous with the trial." 420 U.S. at 181,

---

**1.** Article 33.03 states, in relevant part, "In all prosecutions for felonies, the defendant must be personally present at the trial ... however, that in all cases, when the defendant voluntarily absents himself ... the trial may proceed to its conclusion." TEX CODE CRIM. PROC. ANN. art. 33.03 (West 2006).

**2.** *Maines* relies on the former competency provisions of Code of Criminal Procedure article 46.02, which was repealed in 2003. Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35 § 15, 2003 Tex. Gen. Laws 57, 72 (repealing former TEX.CODE CRIM. PROC. art. 46.02).

95 S.Ct. at 908. The Court arrived at its decision by concluding that, when considered together, the testimony from Drope's psychiatrist, testimony by his wife, and his suicide attempt created a sufficient doubt of his competence to stand trial, thus requiring a competency evaluation. 420 U.S. at 180, 95 S.Ct. at 908.

In the instant case the evidence of incompetence is more closely aligned with the facts and considerations of *Drope* than *Grizzard* or *Maines.* Brown's partner reported that Brown had been "despondent" during trial. Brown's psychiatrist had been treating him for depression since the original arrest, and the psychiatrist believed the attempted suicide was evidence of mental illness, which prevented Brown from communicating with his attorney. Applying the analysis in *Drope*, there was enough evidence to raise a doubt as to whether Brown was competent. This should have triggered a competency hearing rather than a ruling that Brown was voluntarily absent.

### Harm Analysis

■ The State also argues that we erred in reversing the trial court's judgment because we did not perform a harm analysis, contending that nonconstitutional error must be disregarded unless the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing Tex.R.App. P. 44.2(b)). The State argues that the trial court's violation of Code of Criminal Procedure article 46B.004 requires a harm analysis because the error was not structural and was merely statutory. *See Gray v. State*, 159 S.W.3d 95, 98 (Tex.Crim.App. 2005); *Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997). Without determining whether the error was structural in nature, we determine there was harm.

The State asserts that if the trial court did violate Code of Criminal Procedure articles 46B.004 and 46B.005, then we must disregard the error unless it is determined that the statutory violation had a substantial and injurious effect on the jury's verdict both at guilt and punishment. Tex.R.App. P. 44.2(b); *see e.g., King,* 953 S.W.2d at 271. The State also argues that an immediate stay for a competency hearing was not required based on a reading of articles 46B.004(d) [3] and 46B.005(d).[4] The State maintains that the appropriate disposition in this case would be an abatement for a retrospective competency evaluation. We disagree.

As noted above, the Supreme Court stated in *Drope* that a failure to observe procedures adequate to protect a defendant's right not to be tried or convicted, while incompetent to stand trial, deprives him of his due process right to a fair trial. 420 U.S. at 172, 95 S.Ct. at 904. Brown's attempted suicide occurred before he was able to rest his case. If found incompetent, Brown would have been unable to aid in his own defense. This is a harm contemplated by both the Sixth Amendment [5]

**3.** Article 46B.004(d) states that "if the court determines there is evidence to support a finding of incompetency, the court, except as provided by ... Article 46B.005(d), shall stay all other proceedings in the case." Tex.Code Crim. Proc. Ann. art. 46B.004(d) (West 2006 & Supp.2012).

**4.** Article 46B.005(d) states that "if the issue of the defendant's incompetency to stand trial is raised after the trial on the merits begins, the court may determine the issue at any time before the sentence is pronounced." Tex. Code Crim. Proc. Ann. art. 46B.005(d) (West 2006 & Supp.2012).

**5.** Requiring that the accused "have the assistance of counsel for his defense." U.S. Const. amend. VI.

and Code of Criminal Procedure articles 46B.004 [6] and 33.03.[7]

No sentence could have been imposed on Brown, who was wheeled in from the hospital to be sentenced, if the trial court had found him found to be incompetent. It follows that any sentence that was handed down was harmful to Brown. Article 46.005(d) requires that the trial court determine the issue of incompetency "before the sentence is pronounced."[8]

Because Brown's incompetence was raised before the jury determined his guilt, the trial court's error in not holding a competency hearing had a substantial and injurious effect on Brown as he may not have been able to aid in his own defense. We are unable to grant an abatement for a retrospective competency evaluation due to the language of article 46.005(d)'s requirement that the court determine the issue of incompetency "before the sentence is pronounced." Accordingly, the appropriate disposition for this case is to remand for a new trial. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(a) (West Supp.2012).

### Conclusion

Having addressed the State's rehearing arguments, we deny the requested relief. Our judgment of February 23, 2012 remains unchanged.

6. Requiring that "if the court determines there is evidence to support a finding of incompetency, the court, except as provided by . . . Article 46B.005(d), shall stay all other proceedings in the case." TEX.CODE CRIM. PROC. ANN. art. 46B.004(d) (West 2006 & Supp. 2012).

7. Requiring that for "all prosecutions for felonies, the defendant must be personally present at the trial." TEX.CODE CRIM. PROC. ANN. art. 33.03 (West 2011).

8. TEX.CODE CRIM. PROC. ANN. art. 46B.005(d) (West 2006 & Supp.2012).