Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00536-CR

Billy Henderson **RODGERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 982855
Honorable Scott Roberts, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

Billy Henderson Rodgers was convicted of driving while intoxicated and was sentenced to one year in jail. His sentence was suspended, and he was placed on community supervision for a period of two years. On appeal, he argues that the trial court erred in failing to conduct a competency hearing to determine if he was mentally competent to stand trial and that the trial court erred in admitting State's Exhibits 7 and 8 in evidence. We affirm.

## COMPETENCY

The first trial in this case ended in a mistrial on August 26, 2009. Following that mistrial, Rodgers moved for continuances seven times. In most of these motions, Rodgers argued that trial should be continued because of his back problems. All but the last motion was granted by the trial court. On June 14, 2011, the trial court heard Rodgers's last motion for continuance, during which Rodgers's attorney raised his client's competency to stand trial. Rodgers and his wife then testified about Rodgers's use of pain medication for his back and how that pain medication affects him. After hearing the testimony, the trial court denied Rodgers's motion for continuance, concluding that Rodgers was competent to stand trial.

On appeal, Rodgers argues that the trial court erred in failing to appoint a mental health expert to evaluate his competence and in failing to conduct a formal competency hearing. "In both Texas and the federal system, it has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object to the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *McDaniel v. State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003) (quotation omitted). "The conviction of an accused person while he is legally incompetent violates due process." *Id.* "Thus, to protect a criminal defendant's constitutional rights, a trial court must inquire into the accused's mental competence once the issue is sufficiently raised." *Id.*

"These due process standards are built into" the Texas Code of Criminal Procedure. *Id.* Under the code, an accused is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). "A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable

degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." *Id.* art. 46B.003(a). This standard focuses on "the defendant's *present* ability." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009) (emphasis in original). "Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial." TEX. CODE CRIM. PROC. ANN. art. 46B.004(a) (West Supp. 2011). "On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c). "If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under subchapter B to determine whether the defendant is competent to stand trial in a criminal case." *Id.* art. 46B.005(a) (West 2006). Here, Rodgers concedes that the trial court conducted an informal inquiry into his competency during the hearing on Rodgers's motion for continuance. Rodgers's complaint on appeal is that the trial court did not appoint a mental health expert to examine him or conduct a subsequent formal competency hearing.

Because the trial court observes the behavior of the defendant at the hearing, the trial court is in a better position to determine whether the defendant is presently competent. *Montoya*, 291 S.W.3d at 426. Therefore, we review the trial court's decision not to appoint a mental health expert and conduct a formal competency hearing under an abuse of discretion standard. *See Montoya*, 291 S.W.3d at 426; *Brown v. State*, No. 01-10-00431-CR, 2012 WL 580013, at *3 (Tex. App.—Houston [1st Dist.] 2012, no pet. h.); *Grizzard v. State*, No. 01-06-00930-CR, 2008 WL 2611865, at *5-*6 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether

the trial court abused its discretion, we may not focus on evidence of past impairment or isolated instances of momentary hesitation or confusion. *See Montoya*, 291 S.W.3d at 426.

At the hearing, both Rodgers and his wife testified that because of his back surgery and related back problems, Rodgers took prescription pain medication in excess of what was prescribed by his doctor. Rodgers testified that his pain medication has caused him to have hallucinations and has made him tired. When asked by the State whether he was currently having hallucinations as he testified, Rodgers testified that he was not. The trial court asked Rodgers the following:

> Q: I'm saying if you took [the medication] as it's prescribed, one pill every twelve hours instead of three pills when you feel like it that you would be more alert and in tune with what's going on even though you might not be as comfortable.
>
> A: That's correct.

Rodgers's wife testified that his medication can cause Rodgers to "see things that aren't there." After hearing the testimony of both Rodgers and his wife, the trial court made the following ruling:

> But you did twenty minutes of direct and another ten minutes of cross and [Rodgers] seemed focused, he seemed to answer the questions, and his responses were not inappropriate. They were related to what he was asked and he seemed in full grasp of these proceedings, which seems to me what is required. I would suggest that he should medicate himself as per the doctor's instructions and not as he feels like it and that would probably be helpful. We will accommodate him in any way, shape, or form that we can.

In reviewing the record before us, we find no abuse of discretion by the trial court.

### ADMISSION OF EVIDENCE

In his second issue, Rodgers argues that "the trial court erred in admitting State's Exhibits 7 and 8 to prove the enhancement allegation at the punishment phase of trial that he had been previously convicted of an offense relating to the operation of a motor vehicle while

intoxicated." We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990).

With regard to State's Exhibit 8, Rodgers argues that it was improperly admitted because it was not authenticated. The State responds that State's Exhibit 8 was admissible because it contained certified copies of public records, which are self-authenticating pursuant to Texas Rule of Evidence 902(4):

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: . . . **(4) Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

TEX. R. EVID. 902(4). State's Exhibit 8 contains copies of the following documents:

(1) the criminal docket sheet in *The State of Texas v. Billy Henderson Rodgers*, Cause No. 360196, relating to a February 1, 1986, arrest for driving while intoxicated, pending in County Court at Law No. 4, Bexar County, Texas;

(2) the Commitment signed by a magistrate judge on February 1, 1986, ordering Billy H. Rodgers, who was charged with driving while intoxicated, to be committed to jail;

(3) a Surety Bail Bond signed February 2, 1986, relating to Billy Henderson Rodgers's arrest for driving while intoxicated;

(4) a Case Setting Form in *The State of Texas v. Billy Henderson Rodgers*, Cause No. 360196, County Court at Law No. 4, Bexar County, Texas;

(5) a Motion to Terminate Probation Supervision Unsatisfactory in *The State of Texas v. Billy Rodgers*, Cause No. 360196, Bexar County, Texas;

(6) Affidavit for Warrant of Arrest relating to Billy Rodgers driving while intoxicated on February 1, 1986;

(7) Waiver of Constitutional Rights, signed by Billy Rodgers on June 6, 1986, in *The State of Texas v. Billy Rodgers*, Cause No. 360196, County Court at Law No. 4, Bexar County, Texas; and

(8) Judgment in *The State of Texas v. Billy Rodgers*, Cause No. 360196, County Court at Law No. 4, Bexar County, Texas.

The record reflects that each of the above public documents was certified by the Office of Gerard Rickhoff, County Clerk, Bexar County, Texas, and bears the Office's seal. *See* TEX. R. EVID. 902(1). Because State's Exhibit 8 was properly admissible pursuant to Rule 902(4), the trial court did not err in overruling Rodgers's objection.

With regard to State's Exhibit 7, Rogers argues that it was improperly admitted in evidence during the punishment phase over his hearsay objection. State's Exhibit 7 is a "drop card," which contained information about Rodgers and his fingerprints. Assuming, without deciding, that State's Exhibit 7 was improperly admitted, any error was harmless. *See* TEX. R. APP. P. 44.2(b). Rodgers claims that the admission of State's Exhibit 7 was harmful because without it, the State did not prove he was the person previously convicted of DWI in Cause No. 360196. We disagree that the admission of State's Exhibit 7 was harmful because the State proved Rodgers's prior conviction through other exhibits and testimony. Specifically, the State proved Rodgers's previous conviction through State's Exhibits 6 and 8, and through testimony by a fingerprint examiner. State's Exhibit 8 contained a certified copy of the trial court's judgment in Cause No. 360196. That judgment reflected the fingerprints of Billy Rodgers, the man convicted in Cause No. 360196 of DWI. Gina Martinez, a fingerprint examiner for Bexar County, matched the fingerprints taken of Rodgers on the first day of the punishment phase of trial in the instant case with the fingerprints reflected on the trial court's judgment in Cause No. 360196. Thus, the State proved that the Billy Rodgers, who was found guilty in the instant case, was the same Billy Rodgers who was convicted in Cause No. 360196.

## CONCLUSION

We affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish