

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1723-12

**DAVID EARL BROWN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S MOTION TO PERMANENTLY ABATE THE APPEAL
## AFTER STATE'S PETITION GRANTED
## HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Appellant was on trial for murder. In the early morning hours of what would have

been the final day of trial in the guilt phase, appellant sustained a gunshot wound to the head.

After a one-day recess, the trial judge ruled that appellant's absence from trial was voluntary

because there was evidence that the injury may have been self-inflicted. The court conducted

the remainder of the guilt trial and the entire punishment trial in appellant's absence.

Appellant appealed the trial court's refusal to hold a formal hearing to determine whether he

was competent to stand trial after sustaining the gunshot wound. The appellate court held that appellant should have been granted a competency hearing before the jury made its guilt determination and remanded the cause for a new trial. *State v. Brown*, 393 S.W.3d 308 (Tex. App.—Houston [1st Dist.] 2012). This decision remained unchanged after rehearing. *State v. Brown*, 393 S.W.3d 308, 315 (Tex. App.—Houston [1st Dist.] 2012) (op. on reh'g). We granted the state's petition for discretionary review on four grounds. Finding that the trial court did not follow relevant procedures set out in Texas statutes and Supreme Court precedent, we remanded to that court on March 19, 2014, for a retrospective competency hearing. On May 6, 2014, the State filed a motion to rehear our opinion.

Appellant has died, however, and the State has now moved to permanently abate the appeal.[1] The State's motion is granted. The State's motion for rehearing and the State's petition for discretionary review to this Court are dismissed and the opinion issued on March 19, 2014 withdrawn. The First Court of Appeals is ordered to withdraw its opinion and permanently abate the appeal. *See Ex parte Hunter*, 297 S.W.3d 292 (Tex. Crim. App. 2009) and *Vargas v. State*, 659 S.W.2d 422 (Tex. Crim. App. 1983).

Delivered: June 18, 2014
Publish

---

[1] Although this Court has not received a death certificate, the State has provided an affidavit from a program supervisor for the classification of records department of the Texas Department of Criminal Justice-Correctional Institutions Division. According to the affidavit, appellant passed away on June 1, 2014.