**Affirmed and Majority and Dissenting Opinions filed August 15, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00536-CR

---

**DANSON TROTTI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1681046**

---

### DISSENTING OPINION

Is lack of compliance with the mandatory provisions of the Code of Criminal Procedure regarding competency, as required by federal due process, structural error this court must address sua sponte?

While appellant's counsel does not raise the issue on appeal, appellant's competence was raised in the trial court. *See* Tex. Code Crim. Proc. Ann. art. 46B.004(a), (b) ("If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall

suggest that the defendant may be incompetent to stand trial."). Here, appellant attempted to commit suicide and had to be hospitalized. During an informal inquiry, the trial court recognized evidence that appellant may be incompetent and sua sponte ordered an evaluation. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(a).

After concluding there was some evidence of incompetency to warrant an examination and receiving the expert report, the trial court had a duty, imposed by the Code of Criminal Procedure, to hold a trial before determining whether the defendant was incompetent to stand trial on the merits. *See* Tex. Code Crim. Proc. Ann. art. 46B.005(b) ("Except as provided by Subsection (c), the court shall hold a trial under Subchapter C before determining whether the defendant is incompetent to stand trial on the merits."); *see also* Code Construction Act, Tex. Gov't Code Ann. § 311.016(2) ("'Shall' imposes a duty."). Although the trial court discussed with the attorneys the results of appellant's evaluation, the trial court never made a ruling on appellant's competence. Instead, the trial court admitted a medical report suggesting appellant was competent, but the trial court did not make a factfinding on the ultimate issue of appellant's competency to stand trial.

Some of our sister courts have concluded that if a trial court does not make a ruling on competency, then the issue is not preserved for appellate review if trial-court counsel does not object to the failure to hold a trial on competency. *See* Tex. R. App. P. 33.1; *see, e.g.*, *Mapps v. State*, 336 S.W.3d 700, 703 (Tex. App.— Houston [1st Dist.] 2010, no pet.). But is compliance with Rule 33.1 necessary?

The Supreme Court of the United States has held that "the conviction of an accused person while he is legally incompetent violates due process . . . and that state procedures must be adequate to protect this right." *Pate v. Robinson*, 383 U.S. 375, 378 (1966); *see also Ex parte Hagans*, 558 S.W.2d 457, 460 (Tex. Crim. App. 1977) (recognizing *Pate*). In *Pate*, as here, the prosecution argued that the

2

defendant waived his rights by failing to demand a "hearing as provided by Illinois law." *Pate*, 383 U.S. at 384. However, in rejecting the argument, the Supreme Court explained that it is "contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Pate*, 383 U.S. at 384; *see generally McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018) ("An error may be ranked structural . . . 'if the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest,' such as 'the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty.'" (quoting *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017))).

Although it appears the court of criminal appeals has not yet engaged in a *Marin* analysis with respect to the right to a competency determination, I believe that this is a category-one right as it is "systemic" and therefore "essentially independent of the litigants' wishes"; therefore, it can neither be forfeited nor even validly waived by the parties for appellate-review purposes. *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (discussing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). Following the *Marin* analysis, this right to a competency determination is not subject to Rule 33.1 preservation. How can a defendant waive a right or fail to preserve error as to a competency determination if the defendant did not have capacity? Because agency lapses when the principal becomes incapacitated, how can the attorney for an incompetent client waive a right or fail to preserve error?[1]

The majority relegates its response to this in a footnote. The majority next

---

[1] I am not aware of any authority that allows the agency in the attorney-client relationship to survive incapacity, unlike a statutory durable power of attorney.

suggests the trial court conducted an informal inquiry and found no evidence existed of incompetency. The trial court did no such thing. Instead, the trial court:

> ordered an examination of [appellant] for the purpose of determining his present competency to stand trial pursuant to Article 46B of the Texas Code of Criminal Procedure . . . [because appellant] was admitted to Ben Taub Hospital after having been reported to have cut the side of his neck at 6:40 a.m. on the second day of his trial.[2]

However, after the psychological evaluation was returned, the trial court made no explicit ruling—citing Code of Criminal Procedure article 33.03—on the separate issue of appellant's alleged voluntary absence from trial.[3]

Then, relying on language in *Turner v. State*, the majority further suggests that a formal competency trial was not required because a three-factor test was not met. 422 S.W.3d 676, 696 (Tex. Crim. App. 2013).[4] This three-factor test cited by the majority expresses the well-established proposition that "some evidence must be presented at the informal inquiry stage to show that a defendant's mental illness is the source of his inability to participate in his own defense." *Boyett v. State*, 545 S.W.3d 556, 564 (Tex. Crim. App. 2018). But the majority disregards the trial court's action in ordering a competency examination, which concluded the

---

[2] The quotation comes from the forensic psychological evaluation regarding competency to stand trial, which the trial court admitted in evidence. The trial court previously sua sponte signed an order stating, "Court orders an <u>Immediate</u> Competency evaluation . . . ."

The Code of Criminal Procedure allows the trial court to have this examination performed and requires the trial court to have it performed if the trial court determines that evidence exists to support a finding of incompetency. Tex. Code Crim. Proc. Ann. art. 46B.021(a), (b).

[3] If the defendant is not competent, then how can the defendant make a voluntary decision to be absent from trial? It appears that the trial court mistakenly treated the report of the competency evaluation as conclusive evidence, rather than a report from an expert witness that was evidence the factfinder could consider at the competency trial.

[4] In *Turner*, the court explained the limited scope of its holding, and it did not purport to rewrite the definition of incompetency in Code of Criminal Procedure article 46B.003(a). *Turner*, 422 S.W.3d at 696.

4

informal inquiry. The trial court was required at that point to hold a competency trial under Code of Criminal Procedure subchapter 46B(C) to allow the factfinder to determine appellant's competency based on the evidence, including the expert's report that he was competent. Tex. Code Crim. Proc. Ann. arts. 46B051–.055; s*ee Boyett*, 545 S.W.3d at 563.

The majority's improper commingling of the issues of incompetency and voluntary absence from trial revives an issue from *Brown v. State*, in which our sister court considered whether a criminal defendant's suicide attempt was some evidence of mental illness and incompetency. *See Brown v. State*, 393 S.W.3d 308, 313 (Tex. App.—Houston [1st Dist.] 2012) (opinion on rehearing), *rev'd*, No. PD-1723-12, 2014 WL 1032054 (Tex. Crim. App. Mar. 19, 2014), *permanently abated & court of appeals opinion ordered withdrawn*, 439 S.W.3d 929 (Tex. Crim. App. 2014). I do not dispute there are opinions from the courts of appeals before and after the 2003 enactment of current Code of Criminal Procedure chapter 46B that summarily conclude that a defendant who attempts suicide does so because it's a "choice." Not only is that an unyieldingly harsh view of mental illness, but it also ignores chapter 46. So, I am curious both why a suicide attempt presents *no evidence* of incompetency and why the majority does not engage the issue of whether this is structural error under *Marin*.[5]

But all of this could be avoided. We could abate this appeal and remand the case to the trial court for the limited purpose of whether it is feasible to conduct a retrospective competency trial, and if it is feasible, order the trial court to conduct a

---

[5] Although the majority attempts to address the issue, the majority cites to cases from this court for the proposition that error must be preserved for appellate review. However, those cases do not address competency or structural error under *Marin*. The majority also cites to an opinion from the court of criminal appeals that predates the current *Marin* structural-error analysis employed by Texas courts. Therefore, none of the majority's citations address the question raised here of how the *Marin* structural-error analysis applies to competency determinations.

competency trial. This court has done so recently. *Bautista v. State*, 605 S.W.3d 520 (Tex. App.—Houston [14th Dist.] 2020, order), *disp. on merits*, 619 S.W.3d 374, 379 (Tex. App.—Houston [14th Dist.] 2021, no pet.). In *Bautista*, the trial court determined that defendant was incompetent at the time of his trial, rendering the previous trial invalid on due-process grounds. This court reversed the previous judgment of conviction and remanded the case to the trial court for a new trial pursuant to Code of Criminal Procedure article 46B.055. *Bautista v. State*, 619 S.W.3d 374, 379 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (panel consisting of JJ. Wise, Zimmerer, and Spain).

Regardless of what happened below or what the lawyers for either appellant or the State argue on appeal, this court has an independent duty to raise structural error. Because the court sidesteps both the *Marin* issue and the requirements of Code of Criminal Procedure chapter 46B by validating the trial court's legal conclusion that appellant's suicide attempt was a voluntarily choice rather than on some evidence of incompetency, I strongly dissent.

/s/ Charles A. Spain
Justice

Panel consists of Justices Spain, Poissant, and Wilson (Poissant, J., majority).

Publish—Tex. R. App. P. 47.2(b).