**Charles Aaron MAINES, Appellant**

**v.**

**STATE of Texas, Appellee.**

**No. 11–03–00305–CR.**

Court of Appeals of Texas,
Eastland.

June 9, 2005.

Tom Brown, Livingston, Charles Aaron Maines, for appellant.

Mark E. Price, Criminal District Attorney, Coldspring, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

A jury convicted appellant, Charles Aaron Maines, of stalking. TEX. PEN. CODE ANN. § 42.072 (Vernon 2003). Appellant elected to have the trial court impose the sentence. After appellant pleaded true to 2 enhancement paragraphs, the trial court sentenced him to 60 years confinement. We affirm.

Appellant, in his sole issue on appeal, claims that the trial court abused its discretion when it failed to stop the trial and convene a separate jury to consider his competency. The parties agree that appellant was competent during the first day of trial and that he was competent during the punishment phase. Appellant contends that he was not competent during the second day of the guilt/innocence phase due to an overdose of prescription pills after the first day of trial ended. Because appellant acted voluntarily in taking the overdose of prescription pills— even if the overdose affected his competency at trial—appellant was not entitled to a competency hearing. *See* TEX. CODE CRIM. PRO. ANN. art. 33.03 (Vernon 1989); *Bottom v. State,* 860 S.W.2d 266 (Tex.App.-Fort Worth 1993, no pet'n).

On May 19, 2003, with appellant present and presumed competent, the venire panel was questioned, a jury was seated and sworn, appellant was arraigned, and he pleaded not guilty. The proceedings continued with the State's opening statement and the examination of the State's first

witness by both the State and the defense. After the court recessed on May 19, appellant swallowed 52 prescription drug pills and was taken to the hospital. Appellant remained in the hospital on May 20. The court remained in recess on May 20, telling the jury that there was "a medical problem in connection with the trial."

On May 21, appellant was taken from the hospital to the courtroom to continue the proceedings. When appellant returned to the courtroom, he held his head down on the books and did not rise for the court. According to the trial court, appellant appeared "to be attempting to indicate that he [was] extremely sleepy or narcotized or something." The trial court recessed and gave counsel permission to visit with appellant prior to the start of the proceedings. After the recess, the court asked appellant's counsel if he had anything to say about appellant's condition. Appellant's counsel told the trial court that his client was, for the most part, incoherent and irrational during their discussions. Counsel also told the court that he was now questioning appellant's competency to stand trial. This was the first time an issue regarding appellant's competency was raised.

After counsel raised these concerns, the trial court held a competency inquiry to determine whether a competency hearing before a separate jury was required. Under former TEX. CODE CRIM. PRO. art. 46.02, § 2(b) (2001), applicable to this case, a trial court would first conduct a hearing out of the presence of the jury (a "competency inquiry") to determine whether or not there was evidence to support a finding of incompetency to stand trial. *See Alcott v. State*, 51 S.W.3d 596, 600–01 (Tex.

Cr.App.2001).[1] A hearing under former Article 46.02, section 4 (a "competency hearing") was required only if the evidence was such as to raise a bona fide doubt in the judge's mind as to the defendant's competency to stand trial. *Collier v. State*, 959 S.W.2d 621, 625 (Tex.Cr.App. 1997), *cert. den'd*, 525 U.S. 929, 119 S.Ct. 335, 142 L.Ed.2d 276 (1998). The trial court below determined that there was not enough evidence to impanel a separate jury to determine appellant's competency. By the afternoon of May 21, appellant's counsel represented to the trial court that, "whatever condition [appellant] was suffering from this morning, it seems—it seems to have resolved itself."

■ We find that a competency hearing was not required. Appellant chose to overdose on prescription drug pills. When a defendant voluntarily absents himself after pleading to the indictment, or after the jury has been selected, the trial may proceed to its conclusion. Article 33.03; *Gonzales v. State*, 515 S.W.2d 920 (Tex.Cr.App. 1974); *Bottom v. State, supra*. Because a defendant cannot avoid trial by intentionally disabling himself, we overrule appellant's issue. *Bottom v. State, supra* at 267.

The judgment of the trial court is affirmed.

---

1. Former TEX. CODE CRIM. PRO. art. 46.02 (2001) has been replaced by TEX. CODE CRIM. PRO. ANN. art. 46B.001 et seq. (Vernon Pamph. Supp.2004–2005). The former version applies to this case because it was in effect at the time the proceedings were initiated.