**Opinion issued November 15, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00431-CR

———————————

**DAVID EARL BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1233362**

## OPINION ON MOTION FOR REHEARING

The State has moved for rehearing contending that we have not (1) addressed every issue raised and necessary to the final disposition of this appeal and (2) performed a harm analysis. We requested a response, but none was filed.

*See* TEX. R. APP. P. 49.2. We grant the motion for rehearing to address the State's concerns, but we deny the requested relief.

## Voluntarily Absented

The State argues that we erred in reversing the trial court's judgment because in reversing we did not address the issue of whether the trial court erroneously found that Brown had voluntarily absented himself from trial. The State asserts that Brown was not entitled to a competency evaluation because Brown voluntarily absented himself from trial through his failed suicide attempt.

When the trial court denied Brown's motion for continuance to evaluate his competence, there was evidence that Brown's wound was self-inflicted. Thus, the trial court ruled Brown voluntarily absented himself and was not entitled to a stay of proceedings for a competency evaluation.

The State asks us to hold that the trial court did not abuse its discretion in denying Brown's motion for continuance based upon his assertion of incompetency because he allegedly voluntarily brought about his own absence and disability. We hold that Brown did not voluntarily absent himself from trial because under article 46B.005 the trial court was required to stay the proceedings and conduct a formal competency examination. *See* TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a), (b) (West 2006 & Supp. 2012).

2

This Court reviews a trial court's determination that a defendant has voluntarily absented himself from trial under an abuse-of-discretion standard. *See Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). In urging us to uphold the trial court's ruling, the State relies on Code of Criminal Procedure article 33.03[1] and an older line of cases and statutes that seem to suggest that a defendant who attempts to commit suicide is absent because of his own voluntary conduct. *See, e.g.*, *Maines v. State*, 170 S.W.3d 149, 150 (Tex. App.—Eastland 2005, no pet.).[2]

The only case cited by the State that applies current law is an unpublished case in which defense counsel did not object to continuing with the punishment phase of trial after the defendant attempted suicide by swallowing pills. *Gizzard v. State*, No. 01-06-00930-CR, 2008 WL 2611865 at *4–5 (Tex. App.—Houston [1st Dist.] July 3, 2008, no pet.) (mem. op., not designated for publication). *Gizzard* is distinguishable from the case at hand.

---

[1]    Article 33.03 states, in relevant part, "In all prosecutions for felonies, the defendant must be personally present at the trial . . . however, that in all cases, when the defendant voluntarily absents himself . . . the trial may proceed to its conclusion." TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006).

[2]    *Maines* relies on the former competency provisions of Code of Criminal Procedure article 46.02, which was repealed in 2003. Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35 § 15, 2003 Tex. Gen. Laws 57, 72 (repealing former TEX. CODE CRIM. PROC. art. 46.02).

In *Gizzard*, this Court held that the trial court did not abuse its discretion by determining that the defendant had sufficient present ability to consult with his attorney and a reasonable degree of rational understanding. *Id.* at \*6. Here, we hold that the trial court abused its discretion in finding Brown competent to continue with trial. It is important to note that the evidence presented before the trial court concerning Gizzard's competence was also different from the evidence presented concerning Brown. While Gizzard overdosed on medication, Brown suffered a gunshot wound to the head, resulting in a bullet lodged in his brain. Brown's treating psychiatrist testified that, based on the description of Brown's injuries, it was unlikely that Brown could provide information to assist in the remainder of the trial. We hold the trial court erroneously found Brown competent to stand trial and erred in not holding a competency hearing as required by article 46B.005. TEX. CODE CRIM. PROC. ANN. arts. 46B.004(d), .005(a), (b) (West 2006 & Supp. 2012).

We also rely on the Supreme Court case of *Drope v. Missouri* in holding that Brown did not voluntarily absent himself from trial. *Drope*, 420 U.S. 162, 95 S. Ct. 896 (1975). There the Court stated that a failure to observe adequate procedures to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due-process right to a fair trial. 420 U.S. at 172, 95 S. Ct. at 904. Drope suffered a self-inflicted gunshot wound to the

4

abdomen. 420 U.S. at 167, 95 S. Ct. at 901. Drope's lawyer moved for a mistrial due to his client's absence, but the trial court denied the motion on the basis that Drope's absence was voluntary. 420 U.S. at 167, 95 S. Ct. at 901–02. The Supreme Court held that Drope's absence "was due to an act which suggests a rather substantial degree of mental instability contemporaneous with the trial." 420 U.S. at 181, 95 S. Ct. at 908. The Court arrived at its decision by concluding that, when considered together, the testimony from Drope's psychiatrist, testimony by his wife, and his suicide attempt created a sufficient doubt of his competence to stand trial, thus requiring a competency evaluation. 420 U.S. at 180, 95 S. Ct. at 908.

In the instant case the evidence of incompetence is more closely aligned with the facts and considerations of *Drope* than *Gizzard* or *Maines*. Brown's partner reported that Brown had been "despondent" during trial. Brown's psychiatrist had been treating him for depression since the original arrest, and the psychiatrist believed the attempted suicide was evidence of mental illness, which prevented Brown from communicating with his attorney. Applying the analysis in *Drope*, there was enough evidence to raise a doubt as to whether Brown was competent. This should have triggered a competency hearing rather than a ruling that Brown was voluntarily absent.

5

## Harm Analysis

The State also argues that we erred in reversing the trial court's judgment because we did not perform a harm analysis, contending that nonconstitutional error must be disregarded unless the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing TEX. R. APP. P. 44.2(b)). The State argues that the trial court's violation of Code of Criminal Procedure article 46B.004 requires a harm analysis because the error was not structural and was merely statutory. *See Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005); *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Without determining whether the error was structural in nature, we determine there was harm.

The State asserts that if the trial court did violate Code of Criminal Procedure articles 46B.004 and 46B.005, then we must disregard the error unless it is determined that the statutory violation had a substantial and injurious effect on the jury's verdict both at guilt and punishment. TEX. R. APP. P. 44.2(b); s*ee e.g.*, *King*, 953 S.W.2d at 271. The State also argues that an immediate stay for a competency hearing was not required based on a reading of articles 46B.004(d)[3]

---

[3] Article 46B.004(d) states that "if the court determines there is evidence to support a finding of incompetency, the court, except as provided by . . . Article 46B.005(d), shall stay all other proceedings in the case." TEX. CODE CRIM. PROC. ANN. art. 46B.004(d) (West 2006 & Supp. 2012).

and 46B.005(d).[4]  The State maintains that the appropriate disposition in this case would be an abatement for a retrospective competency evaluation.  We disagree.

As noted above, the Supreme Court stated in *Drope* that a failure to observe procedures adequate to protect a defendant's right not to be tried or convicted, while incompetent to stand trial, deprives him of his due process right to a fair trial. 420 U.S. at 172, 95 S. Ct. at 904.  Brown's attempted suicide occurred before he was able to rest his case.  If found incompetent, Brown would have been unable to aid in his own defense.   This is a harm contemplated by both the Sixth Amendment[5] and Code of Criminal Procedure articles 46B.004[6] and 33.03.[7]

No sentence could have been imposed on Brown, who was wheeled in from the hospital to be sentenced, if the trial court had found him found to be incompetent.  It follows that any sentence that was handed down was harmful to

---

[4]  Article 46B.005(d) states that "if the issue of the defendant's incompetency to stand trial is raised after the trial on the merits begins, the court may determine the issue at any time before the sentence is pronounced."  TEX. CODE CRIM. PROC. ANN. art. 46B.005(d) (West 2006 & Supp. 2012).

[5]  Requiring that the accused "have the assistance of counsel for his defense." U.S. CONST. amend. VI.

[6]  Requiring that "if the court determines there is evidence to support a finding of incompetency, the court, except as provided by . . . Article 46B.005(d), shall stay all other proceedings in the case."  TEX. CODE CRIM. PROC. ANN. art. 46B.004(d) (West 2006 & Supp. 2012).

[7]  Requiring that for "all prosecutions for felonies, the defendant must be personally present at the trial."  TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2011).

7

Brown.  Article 46.005(d) requires that the trial court determine the issue of incompetency "before the sentence is pronounced."[8]

Because Brown's incompetence was raised before the jury determined his guilt, the trial court's error in not holding a competency hearing had a substantial and injurious effect on Brown as he may not have been able to aid in his own defense.  We are unable to grant an abatement for a retrospective competency evaluation due to the language of article 46.005(d)'s requirement that the court determine the issue of incompetency "before the sentence is pronounced." Accordingly, the appropriate disposition for this case is to remand for a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(a) (West Supp. 2012).

---

[8]    TEX. CODE CRIM. PROC. ANN. art. 46B.005(d) (West 2006 & Supp. 2012).

## Conclusion

Having addressed the State's rehearing arguments, we deny the requested relief. Our judgment of February 23, 2012 remains unchanged.


Jim Sharp
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Publish. TEX. R. APP. P. 47.2(b).